IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ILLINOIS STATE PAINTERS WELFARE**
**FUND and PAINTERS DISTRICT**
**COUNCIL #58 FRINGE BENEFIT FUNDS**
**(401K FUND, JOINT APPRENTICESHIP**
**TRAINING FUND, DUES CHECKOFF**
**LABOR-MANAGEMENT COOPERATION**
**INDUSTRY FUND),**

**Plaintiffs,**

v.

**ANGELA BRUMMET and LARRY**
**BRUMMET d/b/a AB DRYWALL,**

**Defendants.**                                                              **No. 03-CV-226-DRH**

<u>ORDER</u>

**HERNDON, District Judge:**

       Before the Court is a motion submitted by Plaintiffs Illinois State Painters Welfare Fund and Painters District Council #58 Fringe Benefit Funds (together, "Plaintiffs") to strike Defendant Larry Brummet's jury demand. (Doc. 63.) Mr. Brummet responds in opposition. (Doc. 70.) For the following reasons, the Court denies Plaintiffs' motion.

I. <u>Background</u>

       This case arises under the **Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA")**. Plaintiffs are funds benefitting participants alleged to be in Mr. and Ms. Brummet's employ. (Doc. 44, Pl. Am.

Compl., ¶ 4.) Plaintiffs allege that both Defendants failed to adequately fund the plans pursuant to their obligations under the Collective Bargaining Agreement ("CBA") entered into by the parties. Mr. Brummet denies that he employs participants in the Plaintiff funds and also denies that he was a party to the CBA, which he claims was entered into by Ms. Brummet alone. (Doc. 70.)

Plaintiffs' amended complaint indicates that this action arises under **29 U.S.C. § 1145**.[1] That statute (also known as section 515 of ERISA) "imposes a federal obligation on employers who contractually agree to contribute to employee pension plans." ***Sullivan v. Cox*, 78 F.3d 322, 324 (7th Cir. 1996)**. In full, it states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

**29 U.S.C. § 1145**. Despite the amended complaint's reliance on this statute, Plaintiffs do not mention it in the motion currently before the Court. Therein, they contend that their action arises solely under **29 U.S.C. § 1132(a)(3)**,[2] which, they

---

[1] Plaintiffs also seek attorneys' fees under **29 U.S.C. § 1132(g)(2)**. That subsection is the enforcement mechanism for **29 U.S.C. § 1145.**

[2] **29 U.S.C. § 1132(a)(3)** indicates that a civil action may be brought

by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

claim, "'does not make any provision for a jury trial.'" (Doc. 63, p.1) (citing ***Turner v. CF & I Steel Corp.*, 770 F.2d 43, 46 (3rd Cir. 1985)**). Mr. Brummet responds by pointing out that Plaintiffs' complaint specifically references **29 U.S.C. § 1145**, and does not once refer to **29 U.S.C. § 1132(a)(3)**. Further, Mr. Brummet argues that this case is appropriate for a jury because it presents legal — as opposed to exclusively equitable — issues, for two reasons: first, a threshold question here is whether Mr. Brummet was actually a party to the agreement; second, Plaintiffs seek monetary damages in addition to equitable remedies.

## II. Analysis

As an initial matter, "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." ***Curtis v. Loether*, 415 U.S. 189, 194 (1974)**; *see also* ***Tull v. United States*, 481 U.S. 412, 417 (1987)**. In examining the nature of statutorily created rights, courts generally first look to seventeenth-century actions brought in England prior to the merger of law and equity, and, second, "examine the remedy sought and determine whether it is legal or equitable in nature." This second inquiry is more significant. ***Tull*, 481 U.S. at 417-418**; ***International Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 735 (7th Cir. 2004)**.

The language in Plaintiffs' amended complaint leaves little doubt that this action arises at least in part under **29 U.S.C. § 1145**, not, as Plaintiffs suggest,

**29 U.S.C. § 1132(a)(3)** exclusively.[3]   In fact, although **29 U.S.C. § 1132(a)(3)** appears to provide a ground for some of Plaintiffs' requested relief, the amended complaint does not mention that subsection at all.  At the very least, then, Plaintiffs' claims arise under both **29 U.S.C. § 1132(a)(3)** and **29 U.S.C. § 1145**.  The relevant question is whether an action brought under those statutes is legal or equitable in nature.

The Seventh Circuit shed light on this issue in ***Bugher v. Feightner*, 722 F.2d 1356 (7th Cir. 1983)**.  There, plaintiffs — union trust funds — sought delinquent contributions due under a collective bargaining agreement with a defendant.  The plaintiffs sued under both **29 U.S.C. § 1132(a)(3)** and **29 U.S.C. § 185(a)**, the latter of which is a Labor-Management-Relations-Act provision providing a basis for plan trustees and unions to collect delinquent contributions owed to pension funds.[4]  In ruling that the case presented legal, not merely equitable, issues, and thus gave rise to the right to demand a jury trial, the court determined that the plaintiff plan-trustees were third-party beneficiaries of the underlying collective

---

[3] The exact language from the complaint reads as follows: "This action arises under the Employee Retirement Income Security Act of 1974, as amended U.S.C. Title 29, Section 1145." (Doc. 44, Pls. Am. Compl., ¶ 1.)

[4] In pertinent part, **29 U.S.C. § 185** states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

bargaining agreement. These trustees, the court continued, effectively sought damages for breach of contract, and since breach-of-contract actions are traditionally actions at law, either party was entitled to demand a trial by jury. ***Bugher*, 722 F.2d at 1358**.[5]

Though ***Bugher*** concerned a suit partially brought under **29 U.S.C. § 185(a)**, not **29 U.S.C. § 1145**, the Seventh Circuit's holding is instructive. Like the plaintiffs in ***Bugher***, Plaintiffs here seek damages and contribution for an employer's breach of a collective bargaining agreement, along with equitable relief under **29 U.S.C. § 1132(a)(3)**. The contractual duty, in other words, that Plaintiffs seek to enforce in this case is parallel to the duty the ***Bugher*** plaintiffs sought to enforce via **29 U.S.C. § 185**.

For this reason, ***Bugher***'s holding that ERISA contribution claims are legal, not equitable, in nature can be imported to the present context. Plaintiffs here, like the plaintiffs in ***Bugher***, are effectively pursuing a breach-of-contract action against Defendants. Under ***Bugher***'s reasoning, it follows, this is a legal action that gives rise to the right to demand a trial by jury.[6]

---

[5] *See also **Sullivan v. Cox*, 78 F.3d 322, 325-26 (7th Cir. 1996)** (using state contract law to determine the meaning of "employer" in an action brought pursuant to **29 U.S.C. § 1145**).

[6] It should also be pointed out that in ***Bugher***, the Seventh Circuit — in reference to Congress's passage of section 1145 in 1980 — stated that "[w]hile one of the legislative objectives was to simplify delinquency collection actions, there was no evidence of an intention to eliminate the right to a jury trial . . . ." ***Bugher*, 722 F.2d at 1360**.

This outcome, it should be pointed out, is supported by the language of **29 U.S.C. § 1145**'s enforcement provision, **29 U.S.C. § 1132(g)(2)**. Specifically, subsection **1132(g)(2)(E)** states that in **29 U.S.C. § 1145** actions where a fiduciary sues on behalf of a plan, a court shall award a plan, among all relief, "such other *legal or equitable* relief as the court deems appropriate." **29 U.S.C. § 1132(g)(2)(E)** (emphasis added). This phrasing strongly suggests that Congress intended to provide a right to a jury trial to parties in **29 U.S.C. § 1145** suits. *See **Lorillard v. Pons**, 434 U.S. 575, 577 (1978)* ("We can infer . . . that by providing specifically for 'legal' relief, Congress knew the significance of the term 'legal,' and intended that there would be a jury trial on demand."); *see also **Sheet Metal Workers Local 19 v. Keystone Heating & Air Conditioning**, 934 F.2d 35 (3rd Cir. 1991)* (using the "legal or equitable" language in **29 U.S.C. § 1132(g)(2)(E)** and the Supreme Court's holding in ***Lorillard*** to support a finding that the right to demand a jury trial accompanies an action brought under **29 U.S.C. § 1145**). Thus, although Plaintiffs' complaint cites **29 U.S.C. § 1132(g)(2)** only in reference to attorneys fees, because that subsection is the enforcement mechanism for actions brought pursuant to **29 U.S.C. § 1145**, Plaintiffs' suit, which expressly arises under this latter statute, can be read to entitle either party to demand a trial by jury.

While Plaintiffs are correct to point out that purely equitable actions brought solely under a provision of **29 U.S.C. § 1132(a)** do not entitle participating parties to demand a jury trial, *see, e.g.*, ***Wardle v. Central States**, 627 F.2d 820,*

**829 (7th Cir. 1980)** (holding that an action for pension benefits brought by disappointed applicants under **29 U.S.C. § 1132(a)(1)(B)** was equitable, not legal, in nature), those are not the facts here. This action is brought at least in part under **29 U.S.C. § 1145**. Under *Bugher*'s logic, and in light of **29 U.S.C. § 1132(g)(2)**'s language, this action entitles either party to demand a jury trial.

### III. Conclusion

Therefore, for the above reasons the Court **DENIES** Plaintiffs' motion. (Doc. 63.)

**IT IS SO ORDERED**.

Signed this 11th day of January, 2006.

/s/ David RHerndon
**United States District Judge**